```
              UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF PENNSYLVANIA

SEAN KATZ, minor,                :      CIVIL ACTION
by and through his parent        :
KEVIN KATZ and KEVIN KATZ,       :
in his own right,                :
                                 :
            Plaintiffs,          :
      v.                         :
                                 :
                                 :
UNITED STATES POSTAL SERVICE     :
and UNITED STATES OF AMERICA,    :
                                 :
            Defendants.          :      No. 02-3739
```

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

The United States of America,[1] the only proper defendant under Section 2679 of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. (the "FTCA"), by and through its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Annetta Foster Givhan, Assistant United States Attorney for the same district, responds to plaintiffs' complaint as follows:

### JURISDICTION

1.  Admitted only that jurisdiction is so alleged.

---

   1   Under the FTCA, the exclusive remedy for the alleged negligence of a federal employee acting in the scope of employment is a tort claim against the united States, Thus, the other named defendant, the United States Postal Service, is not a proper party to this action.

**PARTIES**

2.   Denied.  After reasonable investigation, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the complaint and, accordingly, such allegations are denied. For further answer, Kevin Katz, has no FTCA claim against the United States "in his own right" in that he failed timely to submit the mandatory administrative claim, and the time for filing such a claim has now forever expired.

3.   Denied.  After reasonable investigation, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the complaint and, accordingly, such allegations are denied.

4.   Admitted only that the United States Postal Service is an independent establishment of the executive branch of the United States government and that the Postal Service operates a post office located at 9925 Bustleton Avenue, Philadelphia, Pennsylvania.  For further answer, the United States Postal Service is not a proper party to this action.

5.   Denied as stated.  The United States Attorney for the Eastern District of Pennsylvania -- not the "United States of America" as alleged -- has an office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania.

6-7. Admitted only that a Postal Service driver was involved in the incident underlying this action. Upon information and belief, the driver was not acting within the scope of her employment at the time of the incident.

**COUNT 1**
**SEAN KATZ, MINOR VS. UNITED STATES POSTAL SERVICE AND THE UNITED STATES OF AMERICA**

8. The United States incorporates herein the averments of paragraphs 1 through 7 hereof.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

WHEREFORE, the United States requests that the Court enter judgment in its favor and dismiss the complaint with prejudice, awarding the United States the costs of suit and such other relief as the Court deems appropriate.

**COUNT II**
**KEVIN KATZ VS. UNITED STATES POSTAL SERVICE**
**AND UNITED STATES OF AMERICA**

19. The United States incorporates herein the averments of paragraphs 1 through 18 hereof.

20. Denied. After reasonable investigation, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint and, accordingly, such allegations are denied. For further answer, Kevin Katz, has no FTCA claim against the United States "in his own right" in that he failed timely to submit the mandatory administrative claim, and the time for filing such a claim has now forever expired.

WHEREFORE, the United States requests that the Court enter judgment in its favor and dismiss Kevin Katz' alleged claim with prejudice, awarding the United States the costs of suit and such other relief as the Court deems appropriate.

**AFFIRMATIVE DEFENSES**

In further response to the complaint, the United States avers affirmative defenses as follows:

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails, in whole or in part, to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction, in whole or in part, over the subject matter of this action.

**THIRD AFFIRMATIVE DEFENSE**

Pursuant to 28 U.S.C. § 2679, the United States is the only proper party defendant in an action sounding in tort as alleged in the complaint and, thus, the Postal Service is not a proper party to this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.

**FOURTH AFFIRMATIVE DEFENSE**

Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., there is no right to a jury trial and, thus, the jury demand must be stricken.

**FIFTH AFFIRMATIVE DEFENSE**

The Postal Service driver involved in the incident underlying this action was not acting within the scope of her employment at the time of the incident.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff/father's claims are barred because they were not presented in a timely filed administrative claim as required.

### SEVENTH AFFIRMATIVE DEFENSE

The United States did not breach any duty owed to the plaintiff/minor.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff/minor has not sustained any legally cognizable injuries, damages or losses.

### NINTH AFFIRMATIVE DEFENSE

Any injuries, damages or losses were not proximately caused by a negligent or wrongful act or omission of any employee of the United States while acting within the scope of employment and, indeed, many of the injuries, damages and losses complained of are the result of preexisting conditions.

### TENTH AFFIRMATIVE DEFENSE

Any injuries, damages or losses were solely and proximately caused by the actions, or failures to act, of third persons over whom the United States had no control or right to control.

### ELEVENTH AFFIRMATIVE DEFENSE

The incident was caused by the carelessness, recklessness, and negligence of the plaintiff/minor and consisted of, but was not limited to, the following:

    a.   failure to keep a proper lookout;

      b.    failure to devote appropriate time and attention to where he was running; and

      c.    failure to act with that degree of care to which other minors of like age, experience, capacity and development would ordinarily exercise under similar circumstances.

### TWELFTH AFFIRMATIVE DEFENSE

If any actionable conduct occurred, plaintiff/minor's own negligence was greater than the negligence of the United States, if any, and in any event any damages must be reduced to the degree to which the plaintiff/minor was negligent pursuant to the Pennsylvania Comparative Negligence Statute which requires that the plaintiff/minor's fault and negligence in causing the incident be compared to the fault and negligence, if any, of the United States, reducing any recovery accordingly.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery against the United States is limited to the damages recoverable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.

### FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675(b), no recovery may be had in excess of the amount set forth in the administrative claim presented to the United States Postal Service.

WHEREFORE, the United States requests that the Court enter judgment in its favor and dismiss the complaint with prejudice, awarding the United States the costs of suit and such further relief as the Court deems appropriate.

PATRICK L. MEEHAN
United States Attorney

_____
JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

_____
Annetta Foster Givhan
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
(215) 861-8319

OF COUNSEL:

Helen J. S. White
Attorney
United States Postal Service
Law Department-National Tort Center
P.O. Box 66640
St. Louis, MO 63166-6640
(314) 872-5174

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that she has this date caused a true and correct copy of the foregoing Answer to Complaint and Affirmative Defenses to be served upon the following by first-class mail, postage prepaid, addressed as follows:

                Patrick G. Geckle, Esquire
                Mychak Geckle & Welker, P.C.
            230 South Broad Street - 11th Floor
                Philadelphia, PA 19102-4190

                                      ANNETTA FOSTER GIVHAN
DATED: August 12, 2001        Assistant United State Attorney